UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLLIE CUROLE,<br><br>   Plaintiff<br><br>v.<br><br>BURGER KING CORP., *et al.*,<br><br>   Defendant | 2:15-cv-01639-JAD-CWH<br><br>**Order Denying Plaintiff's Motion to Remand**<br><br>[ECF 9] |

Plaintiff Hollie Curole sues Burger King Corp. and one of its employees, Taryn Barnes, for injuries that Curole allegedly sustained as a passenger in a car accident between Curole's vehicle and one that Barnes was driving as part of her employee duties.[1] Burger King removed the case from state court based on diversity of citizenship.[2] Both defendants later sued Anthony Ramos, the driver of Curole's vehicle during the accident, as a third-party defendant.[3] Curole now moves to remand, arguing that complete diversity is lacking because Barnes was—and Ramos is—a Nevada citizen.[4] I deny Curole's motion because Barnes was a California citizen at the time that Curole filed suit, and a defendant's decision to sue a third-party defendant does not affect federal-court jurisdiction over claims between original parties.

**Background**

Burger King claims diversity under 28 U.S.C. § 1332 as the basis of federal subject-matter jurisdiction over this case.[5] Curole alleges that she resides in Clark County, Nevada.[6]

---

[1] ECF 9 at 2.

[2] ECF 1.

[3] ECF 2; ECF 17.

[4] ECF 9 at 4.

[5] ECF 1 at 2.

[6] *Id.* at 6.

1

Burger King purports to be a Florida corporation with its principal place of business in Florida.[7] Barnes alleges that she resides in California;[8] however, Curole claims that Barnes is actually a Nevada resident, citing the traffic-collision report from the accident.[9] Curole argues that the report "clearly demonstrates that Ms. Barnes was a Nevada resident and 'citizen'" at the time of the accident.[10] The report does list a Nevada address for Barnes.[11] Finally, Ramos alleges that he is a Nevada resident.[12]

Curole moves to remand this case to state court, arguing that Burger King's removal of the case was defective and that Barnes's alleged Nevada residency at the time of the accident, as well as Ramos's current Nevada residency, destroys complete diversity.

## Discussion

A defendant may remove a suit from state to federal court based on diversity of citizenship.[13] Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." "For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."[14] Citizenship is based on an individual's domicile—"a location where he or she has established a fixed habitation or abode in a particular place, and

---

[7] *Id.* at 2.

[8] ECF 17 at 6.

[9] ECF 9 at 4.

[10] *Id.*

[11] *See* ECF 9-1 at 4.

[12] ECF 28-1 at 3.

[13] 28 U.S.C. § 1441.

[14] *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)).

intends to remain there permanently or indefinitely."[15]  "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed."[16]

"Federal courts are courts of limited jurisdiction."[17]  There is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[18]  Therefore, the defendant always has the burden of establishing that removal is proper.[19]  If the court finds that the parties to the suit are not diverse, it should remand the case to state court under 28 U.S.C. § 1447(c).

Curole first contends that Burger King made a "fatal flaw" in its notice of removal by "only alleg[ing] residency of Ms. Barnes and fail[ing] to allege citizenship."[20]  Curole cites non-binding case law to support her proposition that Burger King's choice of words (i.e., that Barnes is a "resident" rather than a "citizen" of California) renders the removal defective.[21]  I need not reach the legal merits of this argument because it is factually inaccurate.  Along with its notice of removal, Burger King filed a "statement concerning removal" that explicitly asserts that Barnes "is a citizen of the State of California."[22]  This argument is therefore baseless.

Curole next argues that Barnes "was a Nevada citizen at the time of the subject motor vehicle crash that also occurred in Nevada."[23]  As Burger King correctly responds, diversity is based on a defendant's domicile at the time the plaintiff files suit, rather than when a controversy

---

[15] *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (internal quotation marks and brackets omitted).

[16] *Id*.

[17] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[18] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[19] *Id.*

[20] ECF 9 at 3–4.

[21] *Id.* (citing *Nasco, Inc. v. Norsworthy*, 785 F. Supp. 707 (M.D. Tenn. 1992)).

[22] ECF 3 at 2.

[23] ECF 9 at 4.

arises.[24] Barnes's possible Nevada residency at the time of the car accident is therefore irrelevant in assessing the parties' diversity. Instead, Burger King asserts that Barnes was a California citizen at the time Curole filed suit, and it provides a copy of Barnes's California driver's license, issued months before this suit commenced, and an auto-insurance bill addressed to Barnes at a California address.[25] Based on this evidence, I am satisfied that Barnes was domiciled in California when Curole filed suit. Because neither defendant is domiciled in Nevada, complete diversity exists.

Finally, Curole briefly argues that the inclusion of third-party defendant Ramos,[26] an alleged Nevada citizen, also destroys diversity. This argument fails because diversity is required between "parties opposed in interest."[27] An impleaded third-party defendant is not adverse to the original plaintiff and therefore does not affect the diversity between the original parties.[28]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Curole's Motion to Remand [**ECF 9**] is **DENIED**.

Dated: January 26, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[24] *Strotek Corp. v. Air Transp. Assn. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Lew*, 797 F.2d at 749.

[25] ECF 15 at Ex. A, Ex. B.

[26] Burger King and Barnes impleaded Ramos under FRCP 14. ECF 2; EFC 17.

[27] *Kuntz*, 385 F.3d at 1181.

[28] *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 169 (3d Cir. 1999).